SCOTT N. SCHOOLS (South Carolina Bar No. 9990)
United States Attorney
JOANN M. SWANSON (California Bar No. 88143)
Chief, Civil Division
LETITIA R. KIM (California Bar No. 200142)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7181
Facsimile: (415) 436-6748
Email: letitia.r.kim@usdoj.gov

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| STANMORE C. COOPER, | Case No. C 07-1383 VRW |
| Plaintiff, | DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS |
| v. | Date: July 12, 2007 |
| FEDERAL AVIATION ADMINISTRATION; SOCIAL SECURITY ADMINISTRATION; UNITED STATES DEPARTMENT OF TRANSPORTATION, | Time: 2:00 p.m. |
| | Place: Courtroom 6, 17th Floor |
| Defendants. | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on July 12, 2007 at 2:00 p.m. in Courtroom 6, located on the 17h Floor of 450 Golden Gate Avenue in San Francisco, California, defendants will move this Court for an order dismissing the second cause of action for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and (6), on the grounds the second cause of action is time-barred and foreclosed by the Privacy Act. This motion is based on this notice, the following memorandum of points and authorities, the pleadings and papers on file in this action, the reply, and such oral argument as the Court may permit.

**RELIEF SOUGHT**

The defendants seek an order dismissing the second cause of action without leave to amend.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

In this Privacy Act lawsuit against three federal agencies, plaintiff also asserts a cause of action for invasion of privacy under the California Constitution.  The only jurisdictional basis for such a claim would be the Federal Tort Claims Act ("FTCA"), but not only has plaintiff failed to pursue or exhaust his administrative remedies, but also, it is too late for him to do so under the statute.  Additionally, the invasion of privacy cause of action should be dismissed because the Privacy Act is plaintiff's exclusive remedy for the alleged conduct of which he complains: disclosure of his personal information by federal agencies.  Accordingly, the second cause of action should be dismissed without leave to amend.

**II.    STATEMENT OF ISSUES TO BE DECIDED**

1.    Is plaintiff's second cause of action for invasion of privacy time-barred because plaintiff did not file an administrative claim within two years of discovering the disclosure?

2.    Is plaintiff foreclosed by the Privacy Act's comprehensive remedial scheme from bringing his second cause of action for invasion of privacy?

The answer to both questions is "yes."

**III.    STATEMENT OF ALLEGATIONS**

Plaintiff filed this action on March 8, 2007.  He alleges he became a licensed pilot in 1964, and discovered he was HIV-positive in 1985.  (Compl. ¶¶ 8-9.)  He further alleges he applied for long term disability benefits with the Social Security Administration ("SSA") in 1995 because of HIV-related complications.  (*Id.* ¶ 11.)  Additionally, plaintiff alleges he applied for (and obtained) medical certificates to enable him to continue as a pilot, but did not disclose his HIV-positive status on those applications.  (*Id.* ¶¶ 17-18.)  He also alleges that, on March 23, 2005, he learned the SSA had disclosed his HIV-positive status to the Federal Aviation

1   Administration ("FAA") and Department of Transportation ("DOT").  (*Id.* ¶¶ 26-28.)  Plaintiff

2   was later indicted on three counts of making false statements to a government agency, and pled

3   guilty to one count.  (*Id.* ¶¶ 30-31.)  Based on those allegations, plaintiff asserts two causes of

4   action against all defendants: violation of the Privacy Act and invasion of privacy under the

5   California Constitution.  As relief, plaintiff seeks general damages, special damages and interest

6   on both claims, and attorneys' fees on his Privacy Act claim.  (*Id.* ¶¶ 42, 47; "Prayer" paragraph.)

7          Plaintiff's complaint contains no allegation that he presented any administrative tort

8   claim to any of the relevant agencies (SSA, FFA, or DOT), nor that he exhausted his

9   administrative tort remedies before filing suit.

10  **IV.   ARGUMENT**

11        **A.   The Standards**

12         Under Rule 12(b)(1), a court should dismiss a complaint where there is no subject matter

13  jurisdiction, including cases where the federal government is a defendant and there is no explicit

14  waiver of sovereign immunity.  *United States v. Mitchell*, 445 U.S. 535, 538, *reh'g denied*, 446

15  U.S. 992 (1980); *Hill v. United States*, 571 F.2d 1098, 1101 (9th Cir. 1978); *Hodge v. Dalton*, 107

16  F.3d 705, 707 (9th Cir. 1997).  In determining whether it has subject matter jurisdiction, a court is

17  not limited to the allegations of the complaint, but may consider facts outside the pleadings.  *St.*

18  *Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *Wyatt v. Terhume*, 315 F.3d 1108,

19  1119-20 (9th Cir. 2003).  Moreover, it need not assume the truth of the complaint's allegations.

20  *Thornhill Pub. v. General Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979).

21         In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must

22  determine whether the alleged facts, if true, would entitle the plaintiff to a legal remedy.  *Conley*

23  *v. Gibson*, 355 U.S. 41, 45-6 (1957).  A court should grant a Rule 12(b)(6) motion where there is

24  either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

25  cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

26  While the material factual allegations are taken as true and construed in the light most favorable

27  to the non-movant, allegations that are conclusory, vague or speculative are insufficient to

28

1    survive a motion to dismiss. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *Stack v.*

2    *Lobo*, 903 F. Supp. 1361, 1369 (N.D. Cal. 1995).

3          **B.**    **The Second Cause of Action Is Time-Barred**

4                1.    <u>The Only Possible Waiver of Sovereign Immunity for a State Law Claim</u>

5                        <u>for Invasion of Privacy is the FTCA</u>

6          As a sovereign, the United States (including its agencies) is immune from suit, and can be

7    sued only to the extent it has waived its sovereign immunity. *United States v. Mitchell*, 445 U.S.

8    535, 538, *reh'g denied*, 446 U.S. 992 (1980); *Hill v. United States*, 571 F.2d 1098, 1101 (9th Cir.

9    1978); *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987). A waiver of sovereign

10   immunity must be unequivocally expressed and narrowly construed; it cannot be implied or

11   liberally interpreted. *United States v. King*, 395 U.S. 1, 4 (1969); *Balser v. Department of*

12   *Justice*, 327 F.3d 903, 907 (9th Cir. 2003). Absent an explicit waiver of sovereign immunity, the

13   District Court has no jurisdiction over actions against the federal government. *Mitchell*, 445 U.S.

14   at 538; *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997). The plaintiff has the burden of

15   establishing the waiver of sovereign immunity. *People ex rel. Irvin*, 170 F. Supp. 2d 1040, 1048-

16   9 (E.D. Cal. 2001); *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990).

17         None of the three statutes plaintiff cites in his complaint waives sovereign immunity for

18   the California tort of invasion of privacy. Section 552a of Title 28 of the United States Code (the

19   Privacy Act) waives sovereign immunity only with respect to violations of that Act, and contains

20   no waiver for claims under state law.[1] *See* 28 U.S.C. § 552a(g)(5). Section 1331 "is a general

21   jurisdiction statute and does not provide a general waiver of sovereign immunity." *Shanbaum v.*

22   *United States*, 32 F.3d 180, 182 (3rd Cir. 1994). And section 1367 confers only supplemental

23   jurisdiction and "does not constitute a waiver of sovereign immunity." *United States v. Certain*

24   *Land Situated in City of Detroit*, 361 F.3d 305, 308 (6th Cir. 2004).

25

26

27               [1]Moreover, as discussed below in Section C, the Privacy Act is plaintiff's exclusive

28   remedy for alleged disclosure of personal information by federal agencies.

1    Rather, the only possible waiver of sovereign immunity for a state tort claim of invasion

2    of privacy is the FTCA.  That Act waives the United States's sovereign immunity for money

3    damages "for injury or loss of property, or personal injury or death caused by the negligent or

4    wrongful act or omission of any employee of the Government while acting within the scope of

5    his office or employment, under circumstances where the United States, if a private person,

6    would be liable to the claimant in accordance with the law of the place where the act or omission

7    occurred." 28 U.S.C. § 1346(b)(1).  Thus, to the extent invasion of privacy is actionable against

8    a private person under California law, the FTCA provides the only possible waiver of sovereign

9    immunity for plaintiff's second cause of action.

10           2.      Plaintiff Has Not Exhausted, and Cannot Now Exhaust, His
                     Administrative Remedies Under the FTCA
11

12    In order to establish subject matter jurisdiction under the FTCA, however, a plaintiff must

13    first present a written claim to the appropriate agency:

14           An action shall not be instituted upon a claim against the United States for money
             damages for injury or loss of property or personal injury or death caused by the
15           negligent or wrongful act or omission of any employee of the Government while
             acting within the scope of his office or employment, unless the claimant shall
16           have first presented the claim to the appropriate federal agency and his claim shall
             have been finally denied by the agency in writing and sent by certified or
17           registered mail.  The failure of an agency to make final disposition of a claim
             within six months after it is filed shall, at the option of the claimant any time
18           thereafter, be deemed a final denial of the claim for purposes of this section.

19    28 U.S.C. § 2675(a).  Additionally, the plaintiff must present the administrative claim within two

20    years after it accrues, or it is "forever barred":

21                  A tort claim against the United States shall be forever barred unless
                    it is presented in writing to the appropriate Federal agency within
22                  two years after such claim accrues . . . .

23    28 U.S.C. § 2401(b).  A claim "accrues" under the FTCA "when the plaintiff discovers, or in the

24    exercise of reasonable diligence should have discovered, the injury and its cause." *Bartleson v.*

25    *United States*, 96 F.3d 1270, 1277 (9th Cir. 1996) (internal quotations omitted).  The claim

26    presentment requirement "is jurisdictional in nature and may not be waived." *Burns v. United*

27    *States*, 764 F.2d 722, 723 (9th Cir. 1985).

28

1    Here, the complaint contains no allegations that plaintiff exhausted his administrative tort

2    remedies by presenting a claim to the appropriate agencies before filing suit.  Nor could he do so

3    at this point, for as the complaint alleges, plaintiff discovered the alleged harm – the disclosure of

4    his medical information – on March 23, 2005, more than two years ago.  Thus, the two-year

5    statute of limitations for filing an administrative tort claim has expired, barring any cause of

6    action under the FTCA.

7    **C.    The Second Cause of Action Is Foreclosed by the Privacy Act**

8    Alternatively, the defendants move to dismiss the second cause of action on the ground

9    the Privacy Act is plaintiff's exclusive remedy.  The Privacy Act provides a "comprehensive

10    scheme" for addressing and remedying alleged improper disclosure of personal information by

11    federal agencies.  *Downie v. City of Middleburg Heights*, 301 F.3d 688, 696 (6th Cir. 2002).  It

12    provides several forms of relief for alleged intentional or wilful disclosure of personal

13    information: actual damages of at least $1,000, reasonable attorneys' fees, and costs.  5 U.S.C. §

14    552a(g)(4).  In light of that comprehensive remedial scheme, several courts have held the Privacy

15    Act forecloses other causes of action based on conduct regulated by that Act.  *See, e.g., Downie*,

16    301 F.3d at 697-8; *Hatfill v. Ashcroft*, 404 F. Supp. 2d 104, 112-7 (D.D.C. 2005); *Newmark v.*

17    *Principi*, 262 F. Supp. 2d 509, 517-8 (E.D. Pa. 2003); *Mittleman v. United States*, 997 F. Supp.

18    1, 10-1 (D.D.C. 1998); *Williams v. Department of Veterans Affairs*, 879 F. Supp. 578, 586-7

19    (E.D. Va. 1995).

20    Here, the very same alleged conduct underlies both of plaintiff's causes of action: the

21    disclosure of his HIV-positive status by federal agencies.  Moreover, that alleged conduct is

22    expressly the type of conduct regulated by the Privacy Act.  *See Williams*, 879 F. Supp. at 586

23    (plaintiff precluded from bringing *Bivens* claim based on disclosure of his medical information,

24    where "[t]he Privacy Act directly addresses and regulates the conduct of which [he] complains.").

25    Furthermore, the relief plaintiff seeks on his Privacy Act claim includes all the relief sought on

26    his invasion of privacy tort claim (general and special damages in excess of $1,000).  *See*

27    *Mittleman*, 997 F. Supp. at 10-1 (plaintiff foreclosed from bringing Fifth Amendment claim

28    because "[t]he relief plaintiff seeks under the Fifth Amendment is the same as that afforded by

1    the Privacy Act.").  Given the above authorities, and the fact that the Privacy Act provides

2    plaintiff with "a sufficient avenue for redress," *see Hatfill*, 404 F. Supp. 2d at 112, plaintiff's

3    invasion of privacy cause of action should be dismissed.

4         The defendants are aware this Court was previously presented with the issue of the

5    exclusivity of the Privacy Act, in connection with the motion to suppress filed by plaintiff in the

6    criminal proceedings against him.  (*See* Dec. 28, 2005 Order in *United States v. Cooper*, Case

7    No. CR-05-0549 VRW, p. 6.)  In ruling on that motion, the Court stated that, while it found the

8    authorities on exclusivity to be persuasive, it would decline the government's invitation to follow

9    them without more.  (*Id.*)  However, because these are civil proceedings in which plaintiff is

10   affirmatively pursuing monetary relief (as opposed to defending against criminal charges), the

11   defendants respectfully believe it is appropriate for the Court to revisit the exclusivity issue in

12   this very different context.

13   **V.    CONCLUSION**

14        Plaintiff has not exhausted his administrative remedies under the FTCA and cannot now

15   do so, for the time has passed.  Additionally, he cannot bring a tort claim for invasion of privacy

16   because the Privacy Act is his exclusive remedy.  Accordingly, his second cause of action should

17   be dismissed without leave to amend.

18   DATED: May 11, 2007                      Respectfully submitted,

19                                            SCOTT N. SCHOOLS
                                             United States Attorney

20

21                                           /s/

22                                           _____
                                             LETITIA R. KIM
                                             Assistant United States Attorney

23

24

25

26

27

28